# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-136V

|  |  |
|---|---|
| ANDREW MONROE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 23, 2026 |

*Jessi Carin Huff, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.*

*Irene Angelica Firippis, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 29, 2024, Andrew Monroe filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") following an influenza vaccination he received on November 27, 2021. Petition at 1. On December 30, 2024, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 23. On March 31, 2026, I issued a decision awarding damages to Petitioner following briefing and expedited Motions Day argument by the parties. ECF No. 39.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $94,822.05 (representing $92,332.00 in fees plus $2,490.05 in costs). Motion for Payment of Petitioners' Attorneys' Fees and Reimbursement of Case Costs ("Motion") filed April 3, 2026, ECF No. 40. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 40-4.

Respondent reacted to the motion on April 15, 2026, representing that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondents' Response to Motion at ECF No. 42. Also, on April 15, 2026, Petitioner filed a reply requesting that amount of fees and costs in the Motion be awarded. ECF No. 43.

The rates requested for attorney work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Brief on Damages, filed April 21, 2025, ECF No. 32; Petitioner's Reply to Respondents' Response to Petitioner's Brief on Damages, filed May 27, 2025, ECF No. 34. Petitioners' counsel expended approximately 9.8 hours drafting the damages brief and 7.7 hours drafting the responsive brief for a combined total of 17.5 hours. ECF No. 40-2 at 11-29. I find this amount of time to be reasonable and will award the attorney's fees requested.

Petitioner requests $2,490.05 in overall costs. ECF No. 40-3 at 1-76. Such costs reflect the expenses of obtaining medical records, postage, and the Court's filing fee. I have reviewed the requested costs but find that Petitioner's counsel has not substantiated one of the requested costs with the required documentation, such as an invoice or proof of payment.[3] Before reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program[4] at 72-74 (emphasis added).

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See*, e.g., *Gardner-Cook v. Sec'y of Health & Hum. Servs.,* No. 99-480V, 2005 WL 6122520,

---

[3] Documentation missing for PROOF process of service dated 2/7/2024 for $272.50.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Accordingly, I will disallow reimbursement for all unsubstantiated cost herein. **Application of the foregoing reduces the amount of costs to be awarded by $272.50.**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$94,549.55 (representing $92,332.00 in fees plus $2,217.55 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.